No. 82-406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

LESTER AZURE,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls, Montana

                    Submitted on Briefs:  December 22, 1983

                            Decided:   February 23, 1984

Filed:    FEB 22 1984

_Ethel M. Harrison_
_____
                 Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant appeals from his conviction of forgery following a jury trial in the District Court of Cascade County.

On February 3, 1981, defendant Lester Azure delivered a check to proprietor of Parkdale Grocery for which he received cash in the amount of the check $197.00. The check purported to be drawn on the account of Elaine LaPier, signed by her and payable to Azure. Based on this transaction, Azure was charged by information filed on February 27, 1982, with the offense of forgery, a felony, in violation of section 45-6-325(1)(b) MCA. At Azure's arraignment on March 24, 1982 he pleaded "Not Guilty" to the charge and was later convicted by jury on June 4, 1982.

Pursuant to a District Court order, Azure submitted handwriting samples to the Cascade County Sheriff's office. One week prior to the June 1st jury trial the handwriting expert, Deputy Arne Sand, informed the deputy county attorney that the handwriting on the check with which Azure was charged was the defendant's. Shortly thereafter, the deputy county attorney interviewed the victim, Elaine LaPier, who provided him copies of two checks which had been forged on her account. The second check was dated January 30, 1981 made payable to Lester Azure for $125.00. It was endorsed by Lester Azure and cashed by Ottis Power of the Midway Bar.

On the evening of the trial, May 31, 1982, the deputy county attorney interviewed the handwriting specialist, Sand, who informed him that the endorsement on the reverse of the February 3rd check, charged against the defendant, was written by the defendant but that the handwriting on the face of the check was not. Deputy Sand determined that the

2

earlier check, dated January 30, 1981, was both written and signed by the defendant. At 10:45 p.m. that same night, deputy county attorney telephoned the defendant's counsel to inform him of the State's intention to introduce the January 30, 1981 check pursuant to Montana Rules of Evidence 404(b) as evidence of a prior criminal act for the purpose of establishing knowledge, purpose, identity or absence of mistake or accident. The following morning, prior to the case being called for trial, notice as judicially mandated in State v. Just, (1979), 184 Mont. 262, 602 P.2d 957, was served on the defendant's counsel.

When the State offered the earlier dated check to be introduced as evidence of other crimes defendant's counsel objected on the grounds of inadequate notice. He alleged that the surprise introduction of this evidence the night before the trial imposed an unfair burden on the defendant to properly investigate the proposed evidence and prepare effective cross-examination. In response to this objection the trial court granted defendant's counsel a two and a half day continuance. Defense counsel renewed the same objection when the court reconvened. The court overruled the objection.

A single issue is presented upon appeal:

1. Did the trial court err in allowing the admission into evidence of another wrongful act where notice of the intention to introduce such evidence was served upon defendant the morning of the trial and a two and one half day continuance was thereafter granted?

In State v. Just this Court adopted a four-prong test essential for the introduction of evidence of prior crimes or acts. The defendant alleges that the State's evidence violates only the fourth required judicial standard,

3

maintaining that the inadequate notice resulted in unfair prejudice against the defendant which substantially outweighed its probative value.

During a hearing before the court after the two and a half day continuance the defendant's counsel and the court discussed the subject evidence. Although the omnibus hearing resulted in an order requiring a 10 day notice of intent to use other crimes evidence the defendant could not have benefited from more time. The court specifically inquired if the two and a half day continuance had afforded defense counsel the opportunity to meet the proposed additional evidence and avoid prejudice to the defendant. Defendant took the position that prejudice would result because defendant had not received ten days notice.

However the following dialogue ensued:

"All right. I think that although this is in violation of the omnibus hearing order that ten days notice was supposed to be given to the defense, and it was not given, and there was an objection made to the admission of the evidence, but then the court did grant a two day continuance so that the defense would have an opportunity to investigate the evidence, and to meet it, and with the representation of counsel that he has had an opportunity in the two days to make his investigation of the evidence, and that there is no need for any further time, is that correct, Mr. Nagel, as far as any further investigation is concerned?

"MR. NAGEL: Yes, your honor."

Defense counsel waived his right to additional time for investigation and effectively rendered void his objection of unfair prejudice due to surprise.

The standard of review of this appellate court is:

" . . . if the fixing of the degree of the offense as fixed finds support in the evidence and if the punishment is within the maximum limits fixed by law, then we cannot substitute our judgment for that of the trial judge. We are at liberty to interfere only in the event that there has been a clear abuse of discretion or a failure to follow

4

the law." State v. Brooks (1967), 150 Mont. 399, 436 P.2d 91, 98.

The record evidences no abuse of discretion by the District Court. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices